IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| HUBERT C. SMITH, JR., | : | |
| Plaintiff | : | |
| VS. | : | |
| | : | 5 : 05-CV-334 (CAR) |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

## RECOMMENDATION

The plaintiff herein filed this Social Security appeal on September 14, 2005, challenging the Commissioner's final decision denying his application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed applications for disability and Supplemental Security income benefits in December 1997, alleging disability since June 15, 1996 due to a dysthymic disorder, post traumatic stress disorder, anxiety and depression. His applications were denied initially and upon reconsideration. Following an unfavorable determination by the ALJ, the Appeals Council remanded plaintiff's claims on June 24, 2001, for an additional hearing. Plaintiff's claims were again denied, with the ALJ determining that although the plaintiff could not return to his past relevant work as a backwasher or industrial truck operator due to non-exertional limitations, he remained capable of performing work at all exertional levels. Relying on vocational expert testimony and the Medical-Vocational Guidelines as a framework, the ALJ concluded that there were a significant number of jobs in the national economy that the plaintiff could perform and

that he was therefore not disabled.  The Appeals Council denied review of this decision, and the plaintiff then filed this appeal, arguing that the ALJ erroneously relied on improper evidence and improperly evaluated the opinions of the plaintiff's medical providers.

*Standard of Review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983); <u>Boyd v. Heckler</u>, 704 F.2d 1207, 1209 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991); <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  <u>Bloodsworth</u>, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  <u>Cornelius</u>, 936 F.2d at 1145-1146.

Initially, the court reviews the plaintiff's contention that the ALJ relied on improper evidence in denying his claim.  In his decision, the ALJ references an exhibit made part of the original record.  After finding that the plaintiff's medical records conflicted with PAC Gibbs'

conclusion that the plaintiff was disabled, the ALJ stated that

> Such contradictory statements within the same letter lead me to believe that PAC Gibbs was placed in a difficult position by the claimant. PAC Gibbs does not have the vocational background to know whether there are jobs available in the national economy that the claimant can perform, yet he is being asked by the claimant to state that the claimant cannot perform any jobs. This seems to be nothing more than a case of a health care provider supporting his patient's quest for disability as described in <u>Physician Manipulation of Reimbursement Rules for Patients</u>, Journal of the American Medical Association (JAMA) Volume 283, No. 14, April 20, 2000 (Exhibit 7E).

R. at 21.

According to the article at issue, 39 % of physicians reported using at least one of three enumerated tactics at times during the past year, with the authors concluding that a "sizable minority of physicians report manipulating reimbursement rules so patients can receive care that physicians perceive is necessary." R. at 114-115.

The plaintiff argues that the ALJ clearly relied on the article in reaching a decision on the plaintiff's disability claims and that this reliance was improper. The plaintiff cites to a Southern District of Georgia decision regarding this same issue and the same ALJ, wherein the Honorable Dudley Bowen specifically found that

> A reasonable inference to be drawn from the inclusion of this article is that the ALJ was attempting to bolster his conclusion that the treating physicians exaggerated their opinions with regard to the Plaintiff. Indeed, the crux of the ALJ's adverse decision rests upon his determination that the treating physicians' ultimate finding of a disability . . . is not supported by their own treatment records. In short, one may easily infer that the ALJ believes the treating physicians manipulated their opinions for the benefit of the patient, probably at the behest of Plaintiff and her attorney.
> If the ALJ had this type of concern about the correctness, indeed the ethicality, of the treating physicians' opinions, not to mention the conduct of Plaintiff and her attorney, it should have been raised and

> explored in the evidentiary hearing or in a supplemental hearing. It
> was not. Instead, the ALJ waited until the written hearing decision,
> at a time when Plaintiff and her attorney could no longer defend
> themselves or the opinions of the treating physicians, to pontificate
> on his perceived problem with the medical community and medical
> claims. This tactic does not accord an applicant the process she is
> due under administrative procedural law.

Martin v. Barnhart, 319 F. Supp. 2d 1381, 1383-84 (S.D.Ga. 2004).

Although in the present case the ALJ included the article in the record prior to the plaintiff's second hearing, upon plaintiff's attorney's objection to its inclusion, the ALJ stated that

> I have included that in here in the event that I decide to take
> administrative notice of it which, of course, no decision has been
> made of it – made in that regard. It's in here more for administrative
> notice purposes that evidentiary purposes. I always find it's more
> useful if someone does take judicial notice or administrative notice
> that the document is right there so that people can see what is being
> referred to, so the objection is overruled.

R. at 409-410.

However, the ALJ's decision reveals that he in fact relied on the article to deny the plaintiff's claims and did not include it in the record merely for "administrative notice purposes". As in Martin, the ALJ waited until his written decision to rely on the article on an evidentiary basis and to discuss his beliefs as to the motives and manipulations of plaintiff and his medical providers. As in Martin, the ALJ focused on the perceived contradictions between the treating sources and the plaintiff's medical records to find that the plaintiff not disabled. On the basis of the ALJ's improper reliance on the exhibit at issue, which the ALJ asserted was included in the

record only for "administrative" purposes, the court cannot conclude that the ALJ's decision was supported by substantial evidence.

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, it is the recommendation of the undersigned that the Commissioner's decision be **REVERSED AND REMANDED** pursuant to Sentence Four of § 405(g), with plaintiff's claims assigned to and reviewed by a different ALJ.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable C. Ashley Royal, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof. **SO RECOMMENDED**, this 29th day of August, 2006.

    /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb